DYK, Circuit Judge,
concurring.
I join the majority opinion holding that the structure of the Patent Act bars third party Administrative Procedure Act (“APA”) challenges to patent validity based on an improper revival of an abandoned patent application.
In my view, the Patent Act is structured to channel third party challenges to patent validity to either of two routes: as defenses to infringement actions or as challenges brought at the PTO utilizing statutorily authorized proceedings such as inter partes review, post-grant review, or inter partes reexamination. This statutory scheme is inconsistent with APA review by third parties in the district court. See Pregis Corp. v. Kappos, 700 F.3d 1348, 1357 (Fed.Cir.2012) (“[A] third party cannot sue the PTO under the APA to challenge a PTO decision to issue a patent.”).
The heart of Exela’s argument to the contrary is that it is entitled to proceed under the APA because there is a “strong presumption that Congress intends judicial review of administrative action,” Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), and because, since our precedent in Aristocrat Technologies Australia PTY Ltd. v. International Game Technology, 543 F.3d 657 (Fed.Cir.2008), barred review of improper revival as a defense in infringement actions, the only available route to review is under the APA.
In Aristocrat, this court held that a defendant in an infringement action could not assert improper revival of an abandoned *1355 patent application as a defense in that action. See 543 F.3d at 660-61. We need not decide here whether Aristocrat was correctly decided. Whether it was or not, the Patent Act is inconsistent with third party APA review. However, I write separately to explain why I think our decision in Aristocrat was problematic.
The panel in Aristocrat held that improper revival could not be raised as a defense to an infringement action because improper revival was not literally among the catalog of defenses listed in 35 U.S.C. § 282. See id. at 663-64. The panel noted that we have held that a “provision of the Patent Act not falling within the literal scope of section 282 may nevertheless provide a defense of noninfringement or invalidity.” Id. at 664 (relying on Quantum Corp. v. Rodime, PLC, 65 F.3d 1577, 1584 (Fed.Cir.1995) (holding that a patentee who improperly enlarged the scope of its claims during reexamination, violating 35 U.S.C. § 305, was subject to a defense of invalidity)). But the panel distinguished Quantum on the ground that the concern in Quantum that “failure to impose invalidity for violation of the statute would encourage noneompliance” was not present where there is “no legitimate incentive for an applicant to intentionally abandon its application, much less to attempt to persuade the PTO to improperly revive it.” Id.
There are four aspects of the Aristocrat opinion that in my view warrant its reconsideration.
First, Aristocrat did not discuss the presumption of judicial review of agency action. See Sackett v. Envtl. Prot. Agency, - U.S. -, 132 S.Ct. 1367, 1373, 182 L.Ed.2d 367 (2012); Bowen, 476 U.S. at 670, 106 S.Ct. 2133; Block v. Cmty. Nutrition Inst., 467 U.S. 340, 348-49, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984); see also 5 U.S.C. § 702 (conferring a general cause of action upon persons “adversely affected or aggrieved by agency action within the meaning of a relevant statute”). As we hold today, there is no APA review for improper revivals and no alternative mechanism for review, so an invalidity defense would be the only route available for judicial review.
Second, contrary to the suggestion in Aristocrat and by my colleague in her concurrence, this is not a case involving a minor procedural error in the PTO process. See Magnivision, Inc. v. Bonneau Co., 115 F.3d 956, 960 (Fed.Cir.1997) (holding that “[procedural lapses during examination [such as in that case, an examiner’s not recording a phone call] ... do not provide grounds of invalidity”). Here, Congress thought the issue of timely filing to be sufficiently important that it provided that a patent would be treated as abandoned for noncompliance, and it allowed the PTO to reinstate the patent only when specific criteria were satisfied. See 35 U.S.C. § 371(d) (2002).
Third, in Morganroth v. Quigg, 885 F.2d 843, 846 (Fed.Cir.1989), we held that review of the PTO’s, refusal to revive a patent application was available under the APA. That case is not cited in Aristocrat, and it is indeed difficult to understand why a third party facing liability for infringement of the patent cannot seek judicial review of a revival decision if the patent applicant can do so, even though the patent applicant and accused infringer must pursue different avenues for review (a defense, for the accused infringer and review under the APA for the patent applicant).
Fourth, Aristocrat failed to recognize that Quantum was hardly the only example of situations in which a non-listed defense has been recognized by courts. Obviousness-type double patenting, for example, is a well-established defense that is not specified in the statute. See, *1356 e.g., Gilead Scis., Inc. v. Natco Pharma Ltd., 753 F.3d 1208, 1212 (Fed.Cir.2014). Patent “misuse” is also a defense. See, e.g., Brulotte v. Thys Co., 379 U.S. 29, 85 S.Ct. 176, 13 L.Ed.2d 99 (1964) (holding that charging royalties beyond life of the patent impermissibly enlarges monopoly of the patent); Princo Corp. v. Int’l Trade Comm’n, 616 F.3d 1318, 1326-29 (Fed.Cir.2010) (describing patent misuse and calling it “mainly a judicially created defense”). The “shop rights” doctrine is also a “judicially created defense to patent infringement” that “applies when an employer is sued for patent infringement by an employee who created the patented invention with the employer’s resources while under its employment, even though the employer otherwise has no legal rights to the resultant invention.” Beriont v. GTE Labs., Inc., 535 Fed.Appx. 919, 923 (Fed.Cir.2013). These other cases cannot be so easily distinguished from the situation in Aristocrat itself.
In the future, en banc action to reconsider Aristocrat may be appropriate.